UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARY BRIGIT SCOTT, et al,

    Plaintiffs,

vs

CITY OF BAINBRIDGE ISLAND, et al

    Defendants

NO C97-5329RJB

REPORT OF GUARDIAN AD LITEM IN FAVOR OF MINOR SETTLEMENT

I, KERRY STEVENS, as my report and recommendation to the court regarding the proposed settlement in the above referenced matter, state as follows

I was duly appointed by Order of the Court dated May 11, 2001 to represent the interests of Annieka McCullough (now known as Annieka Longacre) who is a named minor plaintiff in the above-captioned matter

In preparation of this report I have reviewed the Complaint filed on behalf of Plaintiffs, the deposition testimony of Marybrigit Scott, Annieka McCullough, and several law enforcement officers, I have reviewed the Motion for Summary Judgment, the Response to Motion for Summary Judgment and the Order of the Court on Motion for Summary Judgment, and I have spoken to the lawyer for Plaintiffs as well as one of the attorneys for the Defendants

The Plaintiffs claim for damages arises out of an incident that occurred on January 9, 1995 On that date Annieka was 6 years of age She was residing at that time in Belfair with her mother, Marybrigit Scott, and one of her sisters, a nephew, and a young man who was a tenant in the house On the date of the incident a man by the name of Ron Johnson was pulled over by a



CV 97 05329 #00000160



STEVENS LAW OFFICE
513 BAY STREET, SUITES 4 & 5
PORT ORCHARD, WA 98366
(360) 876-3155

1  Mason County Sheriff's Deputy for a driving violation During the course of the conversation

2  with Ron Johnson, the Sheriff's office was given information in exchange for not being arrested

3  on an outstanding warrant Mr Johnson informed the sheriff's deputy that he had just come from

4  the home of Marybrigit Scott and that he had observed controlled substances to be located in the

5

6  home Acting on that information a search warrant was issued giving authority to a consortium of

7  law enforcement agencies (known collectively as Westnet) to enter the home of Marybrigit Scott

8  to conduct a search for controlled substances

9  On January 9, 1995 members of the Westnet team knocked on the door of Marybrigit

10  Scott's home, and then proceeded to force an entry into the home by forcing open the

11  door At the time the law enforcement officers entered the home the only members of the family

12  present were Marybrigit Scott and her daughter Annieka and Marybrigit Scott's grandson Kyle

13  The tenant, Calvin was in an upstairs bedroom Marybrigit Scott was in the bathroom at

14

15  the time that the law enforcement officers knocked on the front door and then forced their way

16  into the home Annieka was in the living room at the time of the entry The law enforcement

17  officers entered Marybrigit Scott's home with their weapons drawn Whether guns were actually

18  pointed directly at Annieka during this time is an issue in dispute Guns were drawn and at a

19  minimum were pointed in the direction of Annie for a period of a minute or more until the officers

20  believed that the premises were secure

21

22  During the course of the search Marybrigit Scott was handcuffed and put in a police car

23  after she refused to remain seated Annie's 19 year old sister had arrived home by that time, and

24  she took Annie under her control and supervision The search of the Scott home lasted

25  approximately an hour, during which time Annieka was present and observing the actions of

26

the law enforcement officers

The search of Marybrigit Scott's home produced no controlled substances and no criminal charges were filed

In 1997 a lawsuit was filed on behalf of Marybrigit Scott and Annieka McCullough naming the agencies and entities involved in conducting the search of the Scott home. The Complaint alleges that Annieka had suffered pain, suffering and emotional distress as a result of the alleged false arrest, false imprisonment, assault and battery, outrage and intentional infliction of emotional distress and negligence, as well as a violation of civil rights, use of excessive force, illegal search and seizure, trespass and interference with a business relationship

There is no question that any young child who was a witness to law enforcement officials forcing an entry into their home, displaying weapons, handcuffing and removing their mother, and conducting a search of the home would be a traumatic event that would have emotional repercussions. The question that arises is whether these events and the impact that they had on Annieka are legally actionable, and if so, what is just and reasonable compensation as a result of any tortious conduct by the defendants

The court, in an order in response to a Motion for Summary Judgment filed on behalf of the Defendants, dismissed all of the claims for damages set forth in the complaint with the exception of issues concerning some minor property damage that Plaintiffs claim occurred when the search was conducted. All claims relating to Annieka's claim for emotional distress were dismissed. The Plaintiffs pursued an appeal, and that appeal was denied

The parties have now agreed to a settlement in the amount of $6,250.00 in consideration of an agreement to dismiss any further claims that might be made against any of the defendants

It was claimed that Annie showed evidence of being traumatized by reverting to immature behavior such as bed wetting, wanting to drink from a bottle, wanting to sleep with her mother, and being afraid of police. It was also claimed that she suffered three bladder infections as a result of being afraid to use the bathroom. Annie had one visit with a Dr. Nelson, either in conjunction with her mothers appointment, or to address these issues of being traumatized. There is no evidence that Annie was provided with any additional professional attention, or that these problems persist.

Given the courts conclusion that the search warrant was obtained lawfully, that the search of the Scott premises was legally justifiable, and that the detention of Marybrigit Scott was also within the scope of the officer's permissible conduct, any cognizable claim for damages for Plaintiff Annieka McCullough is marginal at best. The trauma endured by Annieka was unavoidable under the circumstances of the police conducting a search for controlled substances. It was a most unfortunate circumstance that Annie endured this frightening situation. The psychological damage is not apparent and has not had any proven long term consequences to Annie.

Under the totality of the circumstances, it is my recommendation that the settlement offer of $6,250.00 be accepted as fair and reasonable compensation for the minor child and that the court approve the settlement.

RESPECTFULLY SUBMITTED this ____ day of June, 2001

KERRY STEVENS WSBA#15420
Guardian ad Litem for Minor Child

STEVENS LAW OFFICE
513 BAY STREET, SUITES 4 & 5
PORT ORCHARD, WA 98366
(360) 876-3155